UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
MAIN STREET NA PARKADE, LLC,        )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )
                                    )   C.A. No. 13-593 S
SLEEPY'S, LLC,                      )
                                    )
        Defendant.                  )
_____)

**OPINION AND ORDER**

WILLIAM E. SMITH, Chief Judge.

This Court and this case two odd bedfellows make. Main Street NA Parkade, LLC ("Main Street") has brought suit against Sleepy's, LLC ("Sleepy's") seeking declaratory judgment as to certain terms of the parties' commercial lease agreement and alleging claims for breach of contract, breach of the covenant of good faith and fair dealing, and a violation of Massachusetts consumer protection law.

Before the Court is a Joint Motion for Change of Venue. (ECF No. 19.) For the reasons discussed below, the Court concludes that this case should be heard in the District of Massachusetts. Accordingly, the Joint Motion for Change of Venue is GRANTED and this case is TRANSFERRED to the United States District Court for the District of Massachusetts.

Main Street and Sleepy's predecessor in interest, Sleepy's, Inc., executed a lease agreement ("Lease") on October 31, 2006 for retail space in a North Adams, Massachusetts development. The Lease contained an automatic renewal provision under which up to two additional, consecutive five-year terms would be added to the term of the Lease unless Sleepy's provided Main Street with a minimum of six months notice, in writing, of its intent to terminate the Lease. The instant dispute arose over whether Sleepy's provided effective notice for termination of the Lease before vacating the premises in August, 2013.

28 U.S.C. § 1404(a) allows for a change of venue for the convenience of parties or witnesses or in the interest of justice. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Brian Jackson & Co. v. Eximias Pharm. Corp., 248 F. Supp. 2d 31, 38 (D.R.I. 2003) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

Here, neither party has corporate ties to Rhode Island. Main Street is a Connecticut limited liability corporation and its sole member is a Connecticut citizen.

Sleepy's is a Delaware limited liability corporation and has its principal place of business in New York; its sole member is a citizen of both Delaware and New York. Witnesses and other interested parties in this case are located in both New York and Connecticut, while none reside in Rhode Island.  (See ECF No. 13.)  Further, although Sleepy's has leased other property in Rhode Island, the subject property where the breach allegedly occurred is located in Massachusetts.

The ultimate inquiry for this Court is a determination of where the case should proceed to achieve convenience of the parties and witnesses as well as to fulfill the ends of justice.  Jackson Nat'l Life Ins. Co. v. Economou, 557 F. Supp. 2d 216, 220 (D.N.H. 2008).  It is the view of this Court that as this dispute concerns property leased in Massachusetts, involves parties with only indirect ties to the State of Rhode Island, and the principal claim is one made under Massachusetts law, transfer of this matter to the District of Massachusetts would more effectively serve the ends of justice, "[t]he fundamental concern manifest in § 1404(a)."  U.S. ex rel. Ondis v. City of Woonsocket, Rhode Island, 480 F. Supp. 2d 434, 436 (D. Mass. 2007).

3

Accordingly, it is hereby ORDERED that this case be TRANSFERRED to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date:  February 19, 2014